The opinion of the court, was delivered by

Mr. Justice Bay.,

The point submitted in this case is, whether a writ of attachment will lia against an executor, who Is out of the limits of *127 the state. Upon consideration of the above case, I am clearly of opinion that a writ of attachment under our act, will not lie against an executor or administrator, for they represent deceased persons, for whose debts they are not in any wise responsible. The terms of our act, confine its operations to absent debtors only, who are originally responsible in their own right; and the attaching their estates and effects is only a mode to make them Come in and answer for their own debts: the whole of the proceedings from the first process to the finaljudgment and execution, are confined to the absent debtor only. On the contrary, an executor or an administrator is not the debió?-, conseqently, the writ of attachment can never reach or attach upon either of them. In 2d Dallas, 73 and 97, it is laid down that executors, administrators and trustees are not liable to the writ .of attachment, as they all act in a representative capacity; and in this eourt, in 1801, an attachment which had been issued against an fexecutor was withdrawn, because the court thought it would not lie; and from that day to the present time, there is no trace of an attachment against an executor or administrator, to be found oii the records of our court. Besides, it would derange the whole course of administration and marshalling of assets, if an attachment were permitted to bind, or take away the property of a deceased person out of the hands of an executor or administrator, and prevent him from paying the debts of the testator or intestate according to law. The attachment law is a proceeding in rem, agreably to the civil law, unknown to the common law; and in all such newly created proceedings, the rule of law is, that they shall be carried o.n strictly within the letter of the law, and shall not be allowed any other or further powers by construction or intendment, than are expressly given by the act creating them.
Clarke.Gilchrist, for motion.
King, contra.
I am, therefore, of opinion that the motion should be refused'.—
Colcock, JYott, Gantt, Johnson &s Huger, Justices, concurred.